NOT FOR PUBLICATION

RECEIVED

NOV 18 2016

AT 8:30_____M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES T. ALLEN and KIMBERLY ALLEN, | |
| Plaintiffs, | Civ. No. 16-5672 |
| v. | **OPINION** |
| STATE OF NEW JERSEY, ATTORNEY GENERAL OF NEW JERSEY, DIVISION OF STATE POLICE, JOSEPH FUENTES, SUPERINTENDENT, LT. WILLIAM SCULL, and JOHN DOES (1-10), | |
| Defendants. | |

THOMPSON, U.S.D.J.

This matter comes before the Court upon the motion of Plaintiffs Charles T. Allen and Kimberly Allen ("Plaintiffs") to remand their case to the Superior Court of New Jersey, Law Division, Mercer County. (ECF No. 8). Defendants State of New Jersey, Attorney General of New Jersey, Division of State Police, Joseph Fuentes, and Lt. William Scull ("Defendants") oppose. (ECF No. 12). The Court has issued the opinion below based upon the written submissions of the parties and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Plaintiffs' motion to remand will be denied.

### BACKGROUND

This is an employment claim brought by a New Jersey State Trooper for accidental disability retirement benefits or reinstatement to prior employment position, and payment for lost fringe benefits, seniority, wages, and punitive damages. (Compl. at 3-5, ECF No. 1-1). Plaintiff Charles T. Allen alleges that on or about September 27, 2012, his subordinates entered his office

1

and illegally accessed and viewed his work computer. (*Id.* ¶ 7). Plaintiff alleges that this incident subjected him to improper punitive action. (*Id.* ¶ 8). He further alleges that he reported this violation of law by his subordinates and was retaliated against for so reporting. (*Id.* ¶ 9).

On August 7, 2015, Plaintiff renewed his complaint alleging retaliation; he alleged that Defendants refused to promote Plaintiff though he was eligible, refused to allow Plaintiff to retire, and refused to process his timely retirement application. (*Id.* ¶¶ 11, 17). Defendants have further refused to allow Plaintiff to display his rank. (*Id.* ¶ 13).

Additionally, Plaintiff alleges that the Division of State Police medical personnel have determined that he suffers from Post-Traumatic Stress Disorder stemming from work-related exposures, and Defendants have failed to address these issues and/or have discriminated against him on this basis. (*See* Compl. Counts Four and Five, ECF No. 1-1).

Plaintiff Kimberly Allen alleges loss of consortium and services of her husband and co-plaintiff. (*See* Compl. Count Six, ECF No. 1-1).

In the Complaint, Plaintiffs cite few laws, but allege that Defendants' conduct violated N.J.S.A. 34:19-1 et seq. (Compl. ¶ 19, ECF No. 1-1), the Americans with Disabilities Act (Compl. Count Four, ECF No. 1-1), and Federal and New Jersey Laws Against Discrimination (Compl. Count Five, ECF No. 1-1).

Defendants removed this action to federal court on September 16, 2016. (ECF No. 1). Plaintiffs moved to remand this action on October 14, 2016. (ECF No. 8). This motion is presently before the Court.

## LEGAL STANDARD

A defendant may remove a civil action filed in state court to the federal court where the action might originally have been brought. 28 U.S.C. §§ 1441(a). However, the federal court to

2

which the action is removed must have subject matter jurisdiction. *Id.* Federal district courts have subject matter jurisdiction over civil actions that involve a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332. Federal-question jurisdiction exists when the action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331, 1441(c)(1)(A). "A case arises under federal law within the meaning of § 1331… if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006) (internal quotations omitted). Diversity jurisdiction exists when the action arises between citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332, 1441(b). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case must be remanded to state court. 28 U.S.C. § 1447(c).

The party that removed the case bears the burden of establishing federal jurisdiction. *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). Federal courts must "scrupulously confine their own jurisdiction to the precise limits" of § 1441 to give "[d]ue regard [to] the rightful independence of state governments." *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941). Thus, the removal statute is strictly construed against removal and all doubts are to be resolved in favor of remand. *Entrekin v. Fisher Scientific, Inc.*, 146 F. Supp. 2d 594, 604 (3d Cir. 2001).

Under 28 U.S.C. § 1367, where the court has original jurisdiction over an action, the court may exercise supplemental jurisdiction over additional claims stemming from the same case or controversy if considerations of judicial economy, convenience, and fairness to the

parties provide an affirmative justification for doing so. *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995).

## DISCUSSION

In this case, Defendants allege that this Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. (Notice of Removal ¶ 5, ECF No. 1). Defendants further assert that the action is removable based on Diversity of Citizenship, Joinder of Federal Law Claims and State Claims, and civil rights jurisdiction. (*Id.* ¶ 6, citing 28 U.S.C. § 1441(b), (c), § 1443). Nowhere are facts alleged that would qualify this claim for removal under diversity jurisdiction and all parties are residents of New Jersey; thus, that argument fails. Regarding the federal question argument, Defendants allege that Plaintiffs complained of violations of their rights under the Americans with Disabilities Act (ADA), the New Jersey Tort Claims Act, and other retaliation and discrimination laws. (Notice of Removal ¶ 3, ECF No. 1).

Plaintiffs argue that federal law is not the basis of the causes of action in the Complaint nor does the Complaint raise substantial federal questions and thus, the case is not removable. *See Empire Healthchoice*, 547 U.S. at 690, *supra*. Plaintiffs argue that the ADA is not relied upon as a cause of action—and in fact there is no cause of action under the ADA. The ADA is only referenced "for guidance." (Mot. Remand at 8, ECF No. 8). Furthermore, the Complaint only alleged violations of the New Jersey Law Against Discrimination, the New Jersey Conscientious Employee Protection Act (CEPA), the New Jersey Tort Claims Act, and common law tort claims. (*Id.*).

The Court finds that the Complaint, on its face, alleges that Defendants' conduct violated N.J.S.A. 34:19-1 et seq. (Compl. ¶ 19, ECF No. 1-1), the Americans with Disabilities Act (Compl. Count Four, ECF No. 1-1), and Federal and New Jersey Laws Against Discrimination

4

(Compl. Count Five, ECF No. 1-1). Specifically, two counts mention a basis in federal law: Count Four referencing the ADA and Count Five referencing Federal and New Jersey Laws Against Discrimination. Thus, the Court must address if these references to federal law are sufficiently central to the Complaint to create federal question jurisdiction.

Regarding Count Four, state employees cannot sue their employer for violating ADA rules; the state employer is protected by the Eleventh Amendment sovereign immunity clause. *Bd. of Trustees of U. of Ala. v. Garrett*, 531 U.S. 356 (2001). Employees must seek administrative remedies. *Id.* Thus, the claim stated in Count Four is not a federal cause of action. However, arguably, Plaintiffs' right to relief necessarily depends on an analysis of the ADA. The fact that Plaintiffs' right to relief necessarily depends on resolution of a substantial question of federal law is sufficient to find that the case arises under federal law within the meaning of § 1331. *Empire Healthchoice*, 547 U.S. 689–90. Plaintiffs themselves note that the ADA will provide "guidance" in the court's analysis. (Opp. at 8, ECF No. 8). Thus, the claim in Count Four arises under federal law and qualifies for federal question jurisdiction.

Regarding Count Five, Plaintiffs allege violations of "Federal and New Jersey Laws Against Discrimination." There is no general "Federal Law Against Discrimination," but the Court can assume the Plaintiffs meant to reference the federal equivalent of the New Jersey Law Against Discrimination (N.J.S.A. 10-5-12) or other federal laws. Thus, Count Five, to the extent it refers to federal rather than state sources of law, arises under the laws of the United States and can serve as the basis for removal. 28 U.S.C. 1441(c)(1)(A).

The additional counts incorporate all of the factual allegations of the other counts, and simply allege additional causes of action. (*See* Compl. at 5-11, ECF No. 1-1). Thus, the other

5

claims arise out of the same case or controversy as Counts Four and Five, and the Court may exercise supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367.

Plaintiffs also argue that the case must be remanded because of procedural defects in the notice of removal. (Mot. Remand, ECF No. 8). These arguments are without merit. All Defendants were represented by and spoken for in Defendants' Notice of Removal. (ECF Nos. 1, 12). To the extent that Defendants failed to include the Plaintiffs' Tort Claim Notice, allegedly served upon Defendants with the other state court pleadings, that should be remedied by Defendants but is insufficient to warrant remand of the entire case. *See* 28 U.S.C. 1446(a). Defendants did include a copy of the initial pleading setting forth the claim for relief upon which the action was based, which is the crucial point. 28 U.S.C. 1446(b)(1).

Plaintiffs also argue that they "may avoid federal jurisdiction by exclusive reliance on state law" (*Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)) and that they, as the party who brought suit, are "master to decide what law [they] will rely upon" (*Franchise Tax Bd. Of State of Cal. V. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 22 (1983)). (Mot. Remand at 9-10, ECF No. 8). On that basis, Plaintiffs contend that their case is solely based on state causes of action and must be remanded. (*Id.* at 8). Plaintiffs go further in their reply, stating that "where facts support both state and Federal claims, they may eschew the later [*sic*] and proceed with the state claims. They therefore indicate, that with leave of court, they would abandon federal question claims or reliance on Federal laws." (Reply at 2-3, ECF No. 13).

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading ... with the opposing party's written consent or the court's leave." Leave to amend is to be freely granted unless there is a reason for denial. *Concepcion v. CFG Health Sys. LLC*, 2013 WL 5952042, at *1 (D.N.J. Nov. 6, 2013) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)). Where

plaintiffs properly move to amend their complaint to exclude federal claims, remand may be proper. *Id.*

However, as outlined above, Plaintiffs' claims were not limited to state claims on the face of the Complaint. Furthermore, Plaintiffs have not made a motion to amend the complaint. Therefore, to the extent that Plaintiffs seek to amend and limit their complaint, they may pursue that option by motion. However, the Court has original federal question jurisdiction or supplemental jurisdiction over each claim in this Complaint and thus, remand is inappropriate at this time.

## CONCLUSION

For the reasons above, Plaintiffs' motion to remand will be denied. A corresponding order follows.

ANNE E. THOMPSON, U.S.D.J.

**Dated:** 11/17/16