NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **CHARLES ALLEN, et al.** | Civil Action No. 16-5672 (AET) |
| **Plaintiffs,** | |
| v. | **MEMORANDUM OPINION** |
| **THE STATE OF NEW JERSEY, et al.** | |
| **Defendants.** | |

**BONGIOVANNI, Magistrate Judge**

Currently pending before the Court is Plaintiffs Charles Allen and Kimberly Allen's (collectively, "Plaintiffs") motion to amend their Complaint. (Docket Entry No. 74).[1] Through same, Plaintiffs seek to make changes to the First, Second and Third Counts of the Complaint in order to account for "new and/or continuing tortious wrongs" that have "occur[red] and accumulate[d]." (Pl. Br. at 2; Docket Entry No. 74-1). "The Fourth, Fifth, Sixth and Seventh Counts" of Plaintiff's proposed Amended Complaint "remain unaltered." (*Id*.) Defendants Attorney General of the State of New Jersey, Division of State Police, Joseph Fuentes, William Scull and the State of New Jersey (collectively, "Defendants") oppose Plaintiffs' motion to amend "on the grounds that it would be futile." (Def. Opp. at 2; Docket Entry No. 78). The Court has fully reviewed the arguments made in support of and in opposition to Plaintiffs' motion. The Court considers Plaintiffs' motion without argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth more fully below, Plaintiffs' motion to amend is GRANTED in part and DENIED in part.

---

[1] Also pending is Plaintiffs' motion to amend/correct their reply brief. (Docket Entry No. 81). This filing, however, does not represent a motion, but is simply Plaintiffs' reply to Defendants' opposition to their motion to amend. As a result, while the Court considers Plaintiffs' reply, the Clerk of the Court is directed to terminate the "motion."

I.  **Background and Procedural History**

The Court presumes a familiarity with the nature and history of this litigation. As a result, not all the details of same are recited herein. Instead, the Court focuses on the facts most relevant to Plaintiffs' pending motion to amend.

Plaintiffs filed the instant lawsuit on August 8, 2016 in the Superior Court of New Jersey. (Compl.; Docket Entry No. 1-1). In the Complaint, Plaintiff Charles T. Allen ("C. Allen"), a New Jersey State Trooper, asserted an employment claim for accidental disability retirement benefits or reinstatement to his prior employment position, and payment for lost fringe benefits, seniority, wages, and punitive damages. (*Id*. at 3-5). C. Allen alleges that he was subject to improper punitive action after his subordinates entered his office and illegally accessed his work computer on September 27, 2012. (*Id*. ¶ 7). C. Allen further alleges that he was retaliated against after reporting his subordinates' violation of law. (*Id*. ¶ 9).

In the Complaint, C. Allen asserts that on August 7, 2015, he renewed his claim of retaliation. In this regard, C. Allen alleges that Defendants engaged in several retaliatory actions, including refusing to promote him even though he was eligible, refusing to allow him to retire, refusing to process his timely retirement application and refusing to allow him to display his rank. (*Id*. ¶¶ 11, 13, 17). In addition, C. Allen claims that the Division of State Police medical personnel have determined that he suffers from Post-Traumatic Stress Disorder ("PTSD") related to work place exposures, and yet Defendants have failed to address these issues and/or have discriminated against him because of them. (*See Id*. Counts Four and Five).

Plaintiff Kimberly Allen ("K. Allen") alleges loss of consortium and services of her husband, her co-plaintiff, C. Allen. (*See Id.* Count Six).

Plaintiffs do not specifically cite the laws under which their claims arise in the Complaint. However, they do allege that Defendants' conduct violated N.J.S.A. 34:19-1 *et seq.* (Compl. ¶ 19), the Americans with Disabilities Act (*Id*. Count Four), and Federal and New Jersey Laws Against Discrimination (*Id*. Count Five).

Defendants removed this action to federal court on September 16, 2016. (Docket Entry No. 1). After the District Court denied Plaintiffs' motion to remand (*see* Op. and Order of 11/18/2016; Docket Entry Nos. 14 and 15), the Court entered a schedule and discovery commenced on Plaintiffs' claims. *See* Scheduling Order of 1/11/2017; Docket Entry No. 17. As discovery proceeded, Plaintiffs indicated that they wanted to amend their Complaint. Initially, they moved to amend on November 14, 2017, seeking to assert a new count based on Defendants' alleged breach of their agreement that certain pending disciplinary charges would be resolved by reprimand and that C. Allen would be permitted to retire on disability. (Docket Entry No. 22). However, Plaintiffs later withdrew that motion after C. Allen entered into an agreement resolving all pending disciplinary matters. *See* Letter Order of 2/22/2018; Docket Entry No. 27.

As the case continued and discovery progressed, Plaintiffs again indicated that they wanted to amend their Complaint. The Court extended the deadline for Plaintiffs to file their proposed motion and, on May 15, 2020, Plaintiffs filed the instant motion to amend. (Docket Entry No. 74). Through same, Plaintiffs seek to make amendments to the First, Second and Third Counts of the Complaint by adding a fraud claim and by supplementing and clarifying the initial pleading with additional facts, continuing incidents and claims relating back to the original Complaint. (Pl. Br. at 3, 7). With respect to their proposed amendments, Plaintiffs claim that they are not futile because Plaintiffs have set forth sufficient facts in their proposed Amended Complaint to put Defendants on notice of their claims under FED.R.CIV.P. ("Rule") 8, Defendants waived their

immunity from suit under the ADA by removing Plaintiffs' case to federal court and through their litigation conduct, and Plaintiffs' proposed amendments are not barred by the statute of limitations because the amendments relate back to the date of the original Complaint pursuant to Rule 15(c)(1)(B) and/or because the amendments benefit from the discovery doctrine, tolling and/or the continuing tort doctrine. (*See* Pl. Reply at 3-5, 8-10; Docket Entry No. 81).

Defendants oppose Plaintiffs' motion to amend, alleging that the proposed amendments are futile. As an initial matter, Defendants claim that the proposed Amended Complaint is "virtually devoid of facts that would tend to support its causes of action. Significantly, neither Fuentes nor Scull, the two individual Defendants, are even mentioned in the body of the complaint." (Def. Opp. at 10; Docket Entry No. 78). As such, Defendants argue that Plaintiffs' proposed amendments would be futile. In addition, Defendants note that Plaintiffs "explicitly base[] the second count of the proposed complaint on the ADA" and also rely on the ADA to support the Third Count of the proposed Amended Complaint (*Id*. 10-11(citing *Bd. of Trustees v. Garrett*, 531 U.S. 356 (2001)). Defendants argue that "[l]awsuits for money damages against a state under the Americans with Disabilities Act (ADA) are barred by the Eleventh Amendment." (*Id*.) As such, Defendants argue that Count Two of the proposed Amended Complaint as well as those portions of Count Three that are based on the ADA are futile. They also contend that contrary to Plaintiffs' arguments, they did not waive their "substantive defense . . . to liability, including the defense of Eleventh Amendment immunity" by removing this matter to federal court, and, thus, Count 2 and Count 3, to the extent it is premised on the ADA, of the proposed Amended Complaint are futile. (Def. Supp. Op. at 3; Docket Entry No. 82).

Defendants further assert that all the state law claims set forth in Counts Four through Seven of Plaintiffs' proposed Amended Complaint are futile because they are barred by the New

Jersey Tort Claims Act.  (*See* Def. Opp. at 12-17).  Additionally, they argue that many of Plaintiffs' proposed claims, such as claims asserted under the Conscientious Employee Protection Act ("CEPA"), the New Jersey Law Against Discrimination ("LAD") and the New Jersey Tort Claims Act, are futile because of the applicable statute of limitations and because the continuous violation exception to the statute of limitations does not apply.  (*See id*. at 18-22).  Similarly, Defendants argue that Plaintiffs' proposed new claim that Defendants fraudulently induced C. Allen to plead guilty to certain violations on March 3, 2016 is futile because it is also barred by the applicable statute of limitations and "not entitled to the benefits of the relation back doctrine."  (*Id*. at 22).  In light of the foregoing, Defendants ask the Court to deny Plaintiffs' motion to amend.

**II.     Analysis**

Pursuant to Rule 15(a)(2), leave to amend the pleadings is generally granted freely.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id.*  However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).  Here, the Court focuses on the alleged futility of Plaintiffs' proposed amendments as that is the sole basis for Defendants' objections.

An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted).  To determine if an amendment is "insufficient on its face," the Court utilizes the motion to dismiss standard under Rule 12(b)(6)

(*see Alvin*, 227 F.3d at 121) and considers only the pleading, exhibits attached to the pleading, matters of public record, and undisputedly authentic documents if the party's claims are based upon same. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

To determine if a complaint would survive a motion to dismiss under Rule 12(b)(6), the Court must accept as true all the facts alleged in the pleading, draw all reasonable inferences in favor of the plaintiff, and determine if "under any reasonable reading of the complaint, the plaintiff may be entitled to relief[.]" *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). "[D]ismissal is appropriate only if, accepting all of the facts alleged in the [pleading] as true, the p[arty] has failed to plead 'enough facts to state a claim to relief that is plausible on its face[.]'" *Duran v. Equifirst Corp.*, Civil Action No. 2:09-cv-03856, 2010 WL 918444, *2 (D.N.J. March 12, 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Put simply, the alleged facts must be sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Additionally, in assessing a motion to dismiss, while the Court must view the factual allegations contained in the pleading at issue as true, the Court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka*, 481 F.3d at 211.

Notably, "the Court must consider whether the <u>amendment</u> itself is futile, <u>not</u> the claims in the original Complaint." *Danise v. Saxon Mortgage Services, Inc.*, Civil Action No. 15-6062 (JLL0 (JAD), 2016 WL 4769733, *8 (D.N.J. Sept. 12, 2016). "Any allegations included in [the] original complaint are not reviewable in the context" of a motion to amend. *Id*.

6

Given the Court's focus on only the amendments and not the claims in the original Complaint, the Court finds Defendants' arguments regarding the general lack of facts pled in the proposed Amended Complaint to be misplaced. *Id.* The asserted facts are no more "devoid" (Def. Opp. at 10) than those contained in the original pleading to which Defendants responded by filing an Answer. (*See* Docket entry No. 5). If anything, the facts asserted in the proposed Amended Complaint are more fulsome. To the extent Defendants seek to challenge the sufficiency of same, the appropriate procedure is for them to do so in a substantive dispositive motion not in their opposition to Plaintiffs' pending motion to amend.

Similarly, Defendants' arguments concerning the purported futility of the state law claims set forth in Counts Four through Seven of Plaintiffs' proposed Amended Complaint are not appropriately raised in the context of the instant motion. Those claims are identical to the claims asserted by Plaintiffs in the Second, Third, Sixth and Seventh Counts of Plaintiffs' original Complaint. Indeed, Plaintiffs confirm that "[t]he Fourth, Fifth, Sixth and Seventh Counts" set forth in their proposed Amended Complaint, "remain unaltered." (Pl. Br. at 2). Since the Court only considers whether Plaintiffs' proposed "<u>amendment[s]</u> are futile, <u>not</u> the claims in the original Complaint[,]" the "allegations included in [the] original complaint[,]" *i.e.*, here Counts Four through Seven of the proposed Amended Complaint, "are not reviewable in the context" of the pending motion to amend. *Danise*, 2016 WL 4769733, at 8.

Turning to the amendments contained in the First through Third Counts of the proposed Amended Complaint, the Court finds that many of them survive Its futility analysis and shall be allowed under the liberal amendment standard set forth in Rule 15. For example, the Court finds that Defendants' statute of limitations arguments regarding certain of Plaintiffs' proposed claims, like the new claims asserted under CEPA, the LAD and the New Jersey Tort claims Act, as well

7

as Plaintiffs' proposed fraud claim, are better suited for substantive dispositive motion practice. Plaintiffs have set forth sufficient facts to render these claims plausible. While there are legitimate questions regarding the ultimate viability of these claims, such as whether the applicable statute of limitations should be tolled based on C. Allen's PTSD, whether certain acts taken by Defendants qualify as continuous violations or are regarded as discrete acts, and/or whether Plaintiffs' proposed fraud claim relates back to their initial claims, these questions depend on the facts and circumstances of the case and require the Court to look beyond Plaintiffs' proposed amended pleading. As a result, the Court finds that the claims are not clearly futile and shall permit Plaintiffs to assert same. Whether these new claims survive a substantive dispositve motion and/or whether Plaintiffs ultimately prevail on same are questions for another day.

The Court, however, finds one category of Plaintiffs' proposed amendments to be futile; namely, those amendments that purport to hold Defendants liable for monetary damages under the ADA. The District Court in considering Plaintiffs' motion to remand this matter, already noted that "state employees cannot sue their employer for violating ADA rules; the state employer is protected by the Eleventh Amendment sovereign immunity clause." Op. of 11/18/2016 at 5 (citing *Garrett*, 531 U.S. 356). While Defendants may have waived their immunity from being sued in federal court by removing this case (*see Lapides v. Bd. of Regents of University System of Georgia*, 535 U.S. 613, (2002)), they did not waive their immunity from liability by doing so. As the Third Circuit recognized in *Lombardo v. Pennsylvania, Dept. of Public Welfare*, 540 F.3d 190, 193 (3d Cir. 2008), "state sovereign immunity includes both immunity from suit in federal court and immunity from liability, and . . . a State may waive one without waiving the other." Thus, "while voluntary removal waives a State's immunity from suit in a federal forum, the removing State retains all defenses it would have enjoyed had the matter been litigated in state court, including

8

immunity from liability." *Id*. at 198. While "[a] State may waive its immunity from liability, . . . such a waiver must be express and unequivocal." *Id*. Voluntary removal of a matter to federal court alone does not qualify as an effective waiver of a State's sovereign immunity. *Id*. at 198-99. Nothing in the New Jersey Supreme Court case cited by Plaintiffs (*see* Pl. Supp. Reply at 1-2; Docket Entry No. 83), *Royster v. New Jersey State Police*, 227 N.J. 482 (2017), convinces the Court otherwise.

Here, Plaintiffs point to no specific litigation conduct other than Defendants' voluntary removal of this matter to federal court to establish a waiver of Defendants' sovereign immunity. The Court finds this to be insufficient to support Plaintiffs' claims under the ADA. As a result, the Court finds that the Second Count of Plaintiffs' proposed Amended Complaint is futile, as is the Third Count to the extent it is premised on the ADA. Consequently, Plaintiffs' request to amend their Complaint to add such claims is denied.

### III.    Conclusion

For the reasons stated above, Plaintiffs' motion to amend is GRANTED in part and DENIED in part. An appropriate Order follows.

Dated:  December 16, 2020

                                        s/Tonianne J. Bongiovanni
                                        **HONORABLE TONIANNE J. BONGIOVANNI**
                                        **UNITED STATES MAGISTRATE JUDGE**